[No. 18309.   Department One.   May 13, 1924.]

A. F. COATES, *Respondent*, v. J. L. GOEHRY *et al.,*
*Appellants.*[1]

VENDOR AND PURCHASER (44)—MODIFICATION—AGREEMENT TO RE-
SCIND.  There is no sufficient evidence of a mutual agreement to
rescind a purchase of land, where it merely appears that there was
considerable correspondence and negotiations looking to that end,
but that the same was never consummated.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered November 4, 1922,
in favor of the plaintiff, upon taking the case from the
jury, in an action on promissory notes.  Affirmed.

*Johnson & O'Connor,* for appellants.

*J. L. Corrigan* and *Wm. O'Connor,* for respondent.

PARKER, J.—The plaintiff, Coates, as holder by in-
dorsement of two promissory notes executed and de-
livered by the defendants to the Tyee Orchard Com-
pany, commenced this action seeking recovery thereon
in the superior court for Okanogan county.  The case
proceeded to trial upon the defendants' affirmative de-
fense of release and the plaintiff's denial thereof.  At
the conclusion of the introduction of the evidence, the
court, in response to an appropriate motion then made
by counsel for the plaintiff, withdrew the case from the
jury's consideration, deciding, as a matter of law, that
there was not sufficient evidence to support defendants'
affirmative defense, and rendered judgment accord-
ingly, awarding to the plaintiff recovery as prayed for,
from which the defendants have appealed to this court.

On December 31, 1919, the defendants executed and
delivered to the Tyee Orchard Company nine promis-
sory notes for the principal sum of $2,750 each, evi-

[1]Reported in 225 Pac. 432.

dencing deferred installments falling due upon the purchase price of certain orchard land then contracted to be sold to them by the orchard company. Two of these notes are the ones upon which recovery is here sought, they having been transferred by indorsement to the plaintiff, who is the president and active manager of the orchard company.

No contention is here made that the defendants are not entitled to set up their affirmative defense of release the same as if the orchard company were here suing upon these notes. The land sale contract is in form such as is common, containing provisions entitling the orchard company to elect to forfeit the rights of the defendants upon their failure to make payments of installments of the purchase price as such installments fall due, or elect to sue for recovery of such installments as is in effect sought in this action. The defendants are wholly in default in payment of the two installments evidenced by the notes here sued upon. The orchard company has not elected to declare a forfeiture of the defendants' rights under the contract and take the land back, but has, in effect, elected the remedy invoked by the plaintiff, its indorsee.

We have read all of the evidence with painstaking care as brought to us in the comparatively short statement of facts, and are convinced, as the trial court evidently was, that it falls far short of supporting the affirmative defense set up by the defendants, which is in substance that, prior to the commencement of this action, the orchard company was advised by them that they rescinded the contract and would not continue payments thereunder, and that the orchard company acquiesced in such rescission and entered into an agreement to sell the land to another purchaser and released the defendants from all obligation to make further payments upon the contract. There is considerable

testimony, and also written evidence in the form of correspondence, tending to show negotiations looking to the end claimed by the defendants in their affirmative defense to have been consummated, but the evidence wholly fails to show such actual consummation. None of the notes was ever surrendered to the defendants by the orchard company or its president, the plaintiff. No writing was ever executed evidencing the cancellation of the contract, nor was possession of the property returned by the defendants to the orchard company or to its president, the plaintiff. Nor was any contract of sale of any nature ever consummated by which another person became the purchaser of the land instead of the defendants. We are fully convinced that the trial court correctly decided, as a matter of law, that the defendants' affirmative defense was wholly unsupported by the evidence introduced upon the trial.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.